UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA P. C. A.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 2:20-cv-04888-JC <br><br> MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On June 1, 2020, plaintiff filed a Complaint seeking review of the Commissioner of Social Security's denial of her application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on plaintiff's motion for summary judgment ("Plaintiff's Motion") and defendant's memorandum in opposition ("Defendant's Opposition"). The Court has taken the parties' arguments under submission

---

[1] Plaintiff's name is partially redacted to protect her privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.     BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On September 15, 2016, plaintiff filed an application for Disability Insurance Benefits, alleging disability beginning on June 1, 2016, due to diabetes, high blood pressure, arthritis, asthma, a thyroid condition, and problems with her left foot.  (See Administrative Record ("AR") 185-86, 205). An Administrative Law Judge ("ALJ") subsequently examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on April 2, 2019.  (AR 48-65).  On April 24, 2019, the ALJ determined that plaintiff has not been disabled since June 2, 2016, the alleged onset date.  (AR 21-30).  Specifically, the ALJ found:  (1) plaintiff has the following severe impairments: left foot/ankle osteoarthritis with open reduction internal fixation of medial malleolus and heel spur; hypothyroidism; asthma; bilateral knee strains; lumbar strain; right ankle arthrosis/degenerative joint disease with underlying diabetic neuropathy; congenitally absent kidney; right breast mass; headache; hypertension; diabetes mellitus with diabetic dermatitis; and obesity (AR 23); (2) plaintiff's impairments, considered individually or in combination, do not meet or medically equal a listed impairment (AR 24); (3) plaintiff retains the residual functional capacity[2] to perform a reduced range of medium work[3] (20 C.F.R.

---

[2]Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. § 404.1545(a)(1).

[3]Specifically, the ALJ found that plaintiff (I) can lift, carry, push, or pull fifty pounds occasionally and twenty-five pounds frequently; (ii) can sit, stand, and walk for about six hours
(continued...)

§§ 404.1567(b), 416.967(b)) (AR 24-25); (4) plaintiff is capable of performing her past relevant work as a jewelry assembler (AR 29); and (5) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were inconsistent with the medical evidence and other evidence in the record (AR 25).

On April 1, 2020, the Appeals Council denied plaintiff's application for review of the ALJ's decision. (AR 1-3).

### III. APPLICABLE LEGAL STANDARDS

#### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted), superseded by regulation on other grounds; 20 C.F.R. §§ 404.1505(a), 416.905. To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520,

---

[3](...continued)
out of an eight hour workday; (iii) cannot climb ladders, ropes, or scaffolds, but can perform all other postural activities on a frequent basis; and (iv) must avoid concentrated exposure to extreme cold, and respiratory irritants such as fumes, odors, dust, and gases. (AR 24-25).

416.920).  The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4).  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy.  Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record."  42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted).  The standard of review in disability cases is "highly deferential."  Rounds v. Comm'r of Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted).  Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision.  Trevizo, 871 F.3d at 674-75 (citations omitted).  Even when an ALJ's decision contains error, it must be affirmed if the error was harmless.  See Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted).  When determining whether substantial evidence supports an ALJ's finding, a court "must consider the

entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## IV. DISCUSSION

Plaintiff claims that the ALJ erred by improperly discounting her subjective symptom testimony. (Plaintiff's Motion at 6-15). For the reasons stated below, the Court finds that the ALJ erred on this basis. Since the Court cannot find that the error was harmless, a remand is warranted.

### A. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. §§ 404.1529(a), (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of her

subjective symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities.  20 C.F.R. §§ 404.1529(a), (c)(4); SSR 16-3p, 2017 WL 5180304, at *4-*10.[4]  When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities.  See SSR 16-3p, 2017 WL 5180304, at *8.  In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so."  Brown-Hunter, 806 F.3d at 488-89.  This requirement is very difficult to satisfy.  See Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

    An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements.  SSR 16-3p, 2017 WL 5180304, at *10.  An ALJ must clearly identify each subjective statement being rejected and the particular evidence in the record which purportedly undermines the statement.  Treichler, 775 F.3d at 1103 (citation omitted).  Unless there is affirmative evidence of malingering, the Commissioner's reasons for rejecting a claimant's testimony must be "clear and convincing."  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (internal quotation marks

///

---

[4]Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation."  See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11.

6

1  omitted), as amended (Apr. 9, 1996). "General findings are insufficient[.]"
2  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted).
3      If an ALJ's evaluation of a claimant's statements is reasonable and is
4  supported by substantial evidence, it is not the court's role to second-guess it. See
5  Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted). When
6  an ALJ fails properly to discuss a claimant's subjective complaints, however, the
7  error may not be considered harmless "unless [the Court] can confidently conclude
8  that no reasonable ALJ, when fully crediting the testimony, could have reached a
9  different disability determination." Stout, 454 F.3d at 1056; see also Brown-
10 Hunter, 806 F.3d at 492 (ALJ's erroneous failure to specify reasons for rejecting
11 claimant testimony "will usually not be harmless").

    **B.**    **Plaintiff's Statements**

13     Plaintiff alleged the following in her October 2016 function report (AR 242-
14 44) and April 2019 hearing testimony (AR 51-57):
15     She can no longer work because of difficulty standing for long periods. (AR
16 53). She can stand for only about fifteen or twenty minutes and can walk for just
17 one or two blocks. (AR 52). She wears a metal ankle brace on each foot (AR
18 53-54), and has also been using a cane to walk for the past few years, on a doctor's
19 recommendation. (AR 52). She had surgery on her left foot in the past, and has
20 been recommended for more surgery on the left foot, but doctors do not want to
21 operate due to her diabetes. (AR 55).
22     Plaintiff lives with her husband, two daughters, and two grandchildren. (AR
23 51). She does household chores such as cooking, laundry, dishes, sweeping, and
24 mopping, "but not all at once." (AR 51-52). She has difficulty in doing these
25 tasks, and needs to take breaks to sit down about every ten or fifteen minutes
26 because she "feel[s] tired" and "the pain is too much." (AR 56-57, 242). Plaintiff
27 can lift "[s]mall boxes that are not heavy," but "not often," and can carry "[r]egular
28 things around the house when doing house cleaning." (AR 242). She is also able

to walk up two steps to get into the house, but it is "very hard to do so." (AR 243). She additionally shops for groceries once a week, but does not drive. (AR 51-52, 242-43).

### C. Analysis

The ALJ failed to provide specific, clear and convincing reasons to reject plaintiff's subjective statements. Instead, the ALJ offered only general, boilerplate assertions that plaintiff's statements were "not entirely consistent" (or "not fully consistent") with "the medical evidence and other evidence in the record." (AR 25, 29). Such broad assertions do not suffice. See Treichler, 775 F.3d at 1103 ("An ALJ's 'vague allegation' that a claimant's testimony is 'not consistent with the objective medical evidence,' without any 'specific findings in support' of that conclusion is insufficient for our review.") (quoting Vasquez v. Astrue, 572 F.3d 586, 592 (2008)).

Defendant contends that the ALJ's finding is adequately supported by his assessment of the medical evidence, treatment history, and medical opinions. (Defendant's Opposition at 1-5). However, the Court "cannot substitute [its] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions." Treichler, 775 F.3d at 1103 (rejecting the government's argument that the court could "reasonably infer that the ALJ rejected [the claimant's] testimony to the extent it conflicted with that medical evidence") (citation omitted). Thus, "[a]lthough the ALJ did provide a relatively detailed overview of [plaintiff's] medical history, 'providing a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible.'"[5] Lambert v. Saul, 980 F.3d 1266, 1278 (9th Cir. 2020)

---

[5] Morever, to the extent that the ALJ's finding may have relied on a lack of objective medical evidence, this is not a sufficient basis, in itself, to reject a claimant's testimony, although it may be a relevant factor. See, e.g., Burch, 400 F.3d at 681 ("Although lack of medical
(continued...)

(quoting <u>Brown-Hunter</u>, 806 F.3d at 494). The ALJ did not provide such reasons here. To the contrary, when discussing the treatment records and other evidence, the ALJ never mentioned whether or how it conflicts with any of plaintiff's subjective testimony.[6] (<u>See</u> AR 26-29). For example, the ALJ noted that plaintiff has received "mostly conservative treatment" during the relevant period (AR 27), but at no point did the ALJ "identify the specific testimony" that is undermined by plaintiff's treatment history. <u>See</u> <u>Lambert</u>, 980 F.3d at 1268 ("[T]he ALJ must identify the specific testimony that he discredited and explain the evidence undermining it.").

Without such explanations, the Court cannot "meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." <u>Treichler</u>, 775 F.3d at 1103. Because the ALJ failed to provide specific, clear, and convincing reasons to discount plaintiff's subjective statements, remand is warranted for reconsideration of these statements.[7] <u>See</u> <u>id.</u> ("Because 'the agency's path' cannot 'reasonably be discerned,' we must reverse the district court's decision to the extent it affirmed the ALJ's credibility determination.") (quoting

---

[5](...continued) evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). The ALJ notably did not identify any evidence that affirmatively undermined or contradicted plaintiff's testimony regarding her limited abilities.

[6] At one point in the analysis of the medical opinions, the ALJ does address plaintiff's testimony. Specifically, regarding a state agency medical consultant's opinion that plaintiff could occasionally climb ladders, ropes, and scaffolds, the ALJ stated that he (the ALJ) "considered [plaintiff's] subjective complaints – particularly, with respect to her testimony regarding her difficulties standing and walking around due to pain – which has been generously accommodated [in the residual functional capacity assessment's] limitation of being precluded from climbing ladders, ropes or scaffolds." (AR 28). Because this remark merely indicates that the ALJ adopted one limitation based on plaintiff's testimony, it does not help explain why the ALJ otherwise discounted plaintiff's subjective statements.

[7] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

Alaska Dep't of Env't Conserv. v. E.P.A., 540 U.S. 461, 497 (2004)); see also Lambert, 980 F.3d at 1277 ("[O]ur precedents plainly required the ALJ to do more than was done here, which consisted of offering non-specific conclusions that [the claimant's] testimony was inconsistent with her medical treatment.")[8] (citing Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014)).

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is REVERSED and this matter is REMANDED for further administrative action consistent with this Opinion.[9]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 1, 2021

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[8]In Lambert, the ALJ rejected the claimant's testimony based on four reasons:

First, Lambert had "not generally received the type of medical treatment one would expect for a totally disabled individual." Second, the "record reflect[ed] significant gaps in [her] history of treatment and relatively infrequent trips to the doctor for the allegedly disabling symptoms." Third, Lambert's "use of medications does not suggest the presence of impairments which is more limiting than found in this decision." And finally, "medications have been relatively effective in controlling [her] symptoms."

Lambert, 980 F.3d at 1270. The Ninth Circuit held that these "four high-level reasons" were not clear and convincing reasons to reject the claimant's testimony because the ALJ never specified which testimony conflicted with the record evidence. Id. at 1277-78.

[9]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); Treichler, 775 F.3d at 1099 (noting such "ordinary remand rule" applies in Social Security cases) (citations omitted). The Court has determined that a reversal and remand for immediate payment of benefits would not be appropriate.

10